IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASHLEY LYNN SPINK,

                                    OPINION AND ORDER

               Plaintiff,

                                      18-cv-585-bbc

    v.

FAIRWAY INDEPENDENT MORTGAGE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil action for monetary relief, pro se plaintiff Ashley Lynn Spink is alleging that her former employer, defendant Fairway Independent Mortgage, terminated her employment because of her sex and her pregnancy-related disability, in violation of the Americans with Disability Act and Title VII of the Civil Rights Act of 1964. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment, I must screen her complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

       Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because her pleadings do not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing

1

plaintiff's complaint, I will give her an opportunity to file an amended complaint that explains her claim more clearly.

OPINION

Plaintiff Ashley Lynn Spink says very little in her complaint, alleging only that she began working as a regulatory compliance paralegal with defendant Fairway Independent Mortgage on November 28, 2017, and that she requested a reasonable accommodation for her pregnancy-related disability on February 12, 2018. When plaintiff's doctor failed to provide medical documentation of her disability by defendant's due date, defendant discharged her on February 28, 2018. Plaintiff alleges that she "believes" that she was discriminated against because of her sex and her disability.

Plaintiff's allegations implicate her rights under Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to fire an individual because of her sex. 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act provides that this prohibition against sex discrimination applies to discrimination "because of or on the basis of pregnancy, [or] childbirth." 42 U.S.C. § 2000e(k).

Plaintiff's allegations also implicate her rights under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), which prohibits employers from discriminating against employees with disabilities who are otherwise qualified. To satisfy the pleading requirements for an employment disability discrimination claim under the Act, plaintiff allege that (1) she is disabled within the meaning of the Act; (2) she is qualified to perform

2

the essential functions of her job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. Gogos v. AMS Mechanical Systems, Inc., 737 F.3d 1170, 1172 (7th Cir. 2013); Nese v. Julian Nordic Construction Co., 405 F.3d 638, 641 (7th Cir. 2005). Plaintiff also must allege "a specific disability." Tate v. SCR Medical Transportation, 809 F.3d 343, 345-46 (7th Cir. 2015).

In addition, an employer's failure to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes disability discrimination. 42 U.S.C. § 12112(b)(5)(A). To state a claim for failure to accommodate, a complaint must allege that: (1) the plaintiff is a qualified individual with a disability, (2) the employer was aware of her disability, and (3) the employer failed to reasonably accommodate the disability. Curtis v. Costco Wholesale Corp., 807 F.3d 849, 853 (7th Cir. 2015). "Although pregnancy is not, in and of itself, a disability, the Supreme Court's latest guidance on pregnancy-related disabilities in the workplace indicates that pregnant employees who seek to show disparate treatment in the workplace may do so through the application of the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)" for other discrimination claims. Khan v. Midwestern University, 879 F.3d 838, 845 (7th Cir. 2018) (citing Young v. United Parcel Service, Inc., 135 S.Ct. 1338, 1354 (2015)).

Although plaintiff alleges that she is a member of a protected class and has a pregnancy-related disability, her allegations are too vague to allow me to determine whether she can state a claim upon which relief may be granted under either statute. For example,

3

she provides no information about what her disability is, what accommodation she requested, how her employer responded, why she was unable to provide medical documentation of her disability, how and what reasons defendant gave for terminating her employment or why she believes she was fired because of her sex or disability and not for some other valid reason, such as failing to follow her employer's directions.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing.

If plaintiff chooses to file an amended complaint, she should keep it short and to the point and draft it as if she were telling a story to people who know nothing about her situation. In particular, she should include allegations that would allow someone reading the complaint to answer the following questions:

- What is plaintiff's disability, what accommodation did she request and who did she request it from? What was the response?

- Why did plaintiff's doctor fail to provide the required medical documentation?

- What were the events that led up to plaintiff's termination? Was she working at the time? Was she given any warning that she would be terminated?

- Who terminated plaintiff and how, and why does she believe it was because of her sex and disability and not for some other, nondiscriminatory reason?

- Did plaintiff file a charge of discrimination with the Equal Employment Opportunities Commission? If so, when did she file it, what did it say and what was the outcome?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of her claims.

ORDER

IT IS ORDERED that plaintiff Ashley Lynn Spink's complaint is DISMISSED without prejudice for her failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 25, 2018 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by September 25, the clerk of court is directed to close this case.

Entered this 5th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge